IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IOU CENTRAL, INC.                       :
d/b/a IOU FINANCIAL, INC                :
                                        :
    Plaintiff,                           :
vs.                                     :    CASE NO. 1:20-cv-00007-ELR
                                        :
CLAUS SCHMITZ et al,                    :
                                        :

## PLAINTIFF'S MOTION TO RECOSIDER, ALTER, OR AMEND ORDER AND VACATE STAY AND/OR DISMISSAL OF CASE [DOC 30]

Per Fed. R. Civ. P. 59, 60 and applicable law, Plaintiff IOU moves for the Court to reconsider, alter and/or amend its Order [Doc 30] vacate its stay and/or dismissal, grant IOU's Motion to Disregard [Doc 19] order Defendants to respond to its Amended Complaint [Doc 18: AC], incorporated as follows:

1.    IOU filed and served its Complaint [Doc 1] which Defendants moved to dismiss with factually inaccurate and false affidavits. [Doc 10] IOU then filed its Amended Complaint. [Doc 18; AC]

2.    IOU seeks declaratory and equitable relief against Defendants for joint liability on the Note and Guaranty, secured by their property, assets and proceeds, or damages [Count I: AC ¶ 38-50]; judgment on the Instruments as Defendants if Count I is granted. [Count II: AC ¶ 51-57] breach of fiduciary duty,

aiding and abetting, [Count III: AC ¶ 58-64] quantum meruit [Count IV: AC ¶ 65-70] money had and received [Count IV: AC ¶ 71-75] equitable lien/equitable mortgage on their property, proceeds and business assets [Count V: AC ¶ 76-80] a constructive trust on their property, proceeds and business assets[Count VI: AC ¶ 81-85] attorney's fees/costs if not otherwise granted. [Count VII: AC ¶ 86-90]

3.      Defendants moved to dismiss the AC by a boilerplate motion [Doc 21] arguing they are not subject to personal jurisdiction in Georgia where they (a) did not transact business or commit a tort [Doc 21, p. 4-8], contrary to the AC's allegations (b) did not regularly do or conduct business or engage in persistent conduct [Doc 21, p. 9-10] contrary to the AC's allegations (c) never consented to personal jurisdiction [Doc 21 p. 11-12] again contrary to the AC's allegations.

4.      Defendants filed _no_ affidavits or other authenticated evidence with their Motion [Doc 21] and _never_ addressed the AC's allegations they applied for, obtained, received the Funds by CS, their agent/servant, partner, joint enterprise, alter ego, conspirator, which they knew, consented, benefitted and ratified. They never denied applying for, obtaining and benefitting from the Funds, **who had the burden of proof on their personal jurisdiction defense but filed no affidavit.** The Order does not address these issues, such the above lack of evidence by Defendants on their personal jurisdiction argument. [Doc 30]

5.     Defendants also immediately demanded arbitration [Doc 21, 14-15] which they waived by filing their motion to dismiss, who also waived personal jurisdiction by seeking to arbitrate in Georgia.

6.     IOU filed its Cross Motion [Doc 19] to Disregard or Deny the Defense Motions to Arbitrate and/or Dismiss and enforce conditions precedent, _unaddressed_ in the Order which only grants and denies in part the motion of the Defendants. [Order, Doc 30, p. 21-22, referencing Doc 21]

7.     Defendants failed to respond to and conceded many arguments IOU's Motion to Disregard [Doc 19] such as their Motion to Dismiss rendered moot by the AC [Doc 19, p. 6] They again filed no affidavits or other evidence in support of their Motion to Dismiss the AC. [Doc 21]

8.     Defendants failed to respond and conceded the arguments in the Motion of their misstatements to the Court in their prior affidavits. [Doc 19, p. 6-8]

9.     Defendants also failed to address and conceded IOU's arguments in the Motion on the conditions precedent for arbitration.  [Doc 19, p. 10-12]

10.    The Order should be reconsidered, altered, amended and vacated.

## **MEMORANDUM**

The Court is requested to take notice of these matters per Fed. R. Evid. 201.

## **I.**    **Relief is Justified under Fed. R. Civ. P. 59 and/or Fed. R. Civ. P. 60.**

Fed. R. Civ. P. 59 (e) provides as follows:

A motion to alter or amend a judgment affords the Court discretion to reconsider an order. ***Mincey v. Head***, 206 F.3d 1137 (11th Cir. 2000); ***O'Neal v. Kennamer***, 958 F.2d 1047 (11th Cir. 1992). There must be a reason why the Court should reconsider its prior decision, per "facts or law of a strongly convincing nature to induce the court to revise its prior decision." ***Williams v. Cruise Ships***, 320 F. Supp. 2d 1358 (S.D. Fla. 2004)

Fed. R. Civ. P. 60 (b) (6) states as follows:

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud (intrinsic/extrinsic), misrepresentation, misconduct by an opposing party; (4) judgment is void; (5) judgment was satisfied, released, or discharged; based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) any other reason that justifies relief."

In ***Nisson v. Lundy***, 975 F.2d. 806 (11th Cir. 1992), the Court stated "Rule 60(b) is a 'catch-all provision,' a 'grand reservoir of equitable power to do justice in a particular case" ***Id*** at 806. Rule 60(b) is to be given liberal and remedial

construction" *Id* at 807. **_Herman v. Hartford._**, 508 Fed. App'x 927–28, n1 (11th Cir. 2013); *citing* **_Fernandez v. Bankers_**, 906 F.2d 569 (11th Cir.1990) [reviewing grant of a motion to reconsider denial of summary judgment as if a motion under Rule 60(b)] which states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, *order, or proceeding* for the following reasons: . . . (6) *any other reason that justifies relief*." As shown below, there are ample grounds for the Court to reconsider, alter or amend its Order, vacate its stay and/or dismissal of this case.

## II.    **Defendants had the Burden of Proof of their Affirmative Defense of Personal Jurisdiction which they failed to fulfill, contrary to the Order.**

The Order states in part;

"If a district court does not hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, "*the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant*." **_JMorris v. SSE, Inc_**., 843 F.2d 489, 492 (11th Cir. 1988). To satisfy this burden, the plaintiff must present "sufficient evidence to defeat a motion for directed verdict." Id. [Doc 30, p. 7]

*Plaintiff has offered no evidence* that Defendants Schmitz and Eva Investments acted as express agents for Defendants Nadia Bmno, Bodega Bars, or Bruno Investments when executing the Loan Instruments. [Doc 30, Order p. 15]

*Nor does Plaintiff offer any evidence* that Schmitz was acting as an agent for Bodega Bars while executing a loan for a different business. [Doc 30, Order p. 16]

However, contrary to the Order, *Defendants* must raise or waive their affirmative *defense* of personal jurisdiction. Fed. R. Civ. 12 (b) (2). Defendants *failed to present evidence on that defense to the AC, such as affidavits*, per the subsequent sentence in ***JMorris*** [omitted in the Order] which held as follows:

> "The district court must construe the allegations in the complaint as true, ***to the extent they are uncontroverted by defendant's affidavits or deposition testimony***….In addition, where ***the evidence presented by the parties' affidavits and deposition testimony conflicts***, the court must construe all reasonable inferences ***in favor of the non-movant plaintiff.***" ***Morris v. SSE, Inc.,*** 843 F.2d 489, 492 (11th Cir. 1988)

The Order did not address the above cites or other cases cited by ***JMMorris***, [*Id* at 492] such as ***Bracewell v. Nicholson***, 748 F. 2d. 1499, 1504 (11th Cir. 1984) [reversed erroneous grant of defense judgment for personal jurisdiction] holding:

> "If the defendant raises a question of personal jurisdiction and the district court elects to *decide the question solely on the basis of the pleadings* and ***affidavits***, *it* ***must accept as true*** *those allegations of  the complaint which are* ***not*** *controverted by* ***defendant's evidence*** *and deny the motion to dismiss if the plaintiff presents a prima facie case of jurisdiction.* ***Brown v. Flowers Industries, Inc***., 688 F.2d 328, 332 (5th Cir.1982). [*plaintiff's] jurisdictional allegations are uncontroverted; he has met his burden of proof.*" *Id.*

The Court in ***Brown*** reversed the erroneous grant of a motion to dismiss for lack of personal jurisdiction, holding in pertinent part:

> "On a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, *except as controverted by the defendants' affidavits,* must be taken as true.  ***Black v. Acme Mkts., Inc***., 564 F.2d

681, 683 n. 3 (5th Cir. 1977). ***Brown v. Flowers Industries***, Inc., 688 F.2d 328, 332 (5th Cir. 1982)

***Brown*** held the district court erred in granting a motion to dismiss by erroneously ruling a single contact, a telephone call to the forum, could not form the basis for personal jurisdiction against the defendants, holding:

> "These considerations lead us to conclude that the defendants are not denied due process by being subjected to suit in Mississippi. [defendant] initiated the telephone call and allegedly committed an intentional tort. The injurious effect of the tort, if one was committed, fell in Mississippi, which the defendant could easily have foreseen." *Id* at 333-334

The above holdings are consistent with ***Cadle v. Menchion***, LEXIS 142124 *7-8 (N.D. Ga. 2014) which similarly held as follows:

> "In a personal jurisdiction analysis, the facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. ***If, however, defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff."*** *Id.* [court took jurisdictional allegations in pleading as true when defendant presented no affidavit/declaration to controvert them, denying motion to dismiss]

Again, "If the plaintiffs' complaint and the defendants' affidavits conflict, the Court must construe all reasonable inferences *in favor of the plaintiffs*." ***Robinson v. Giarmarco***, 74 F.3d 253, 255 (11th Cir. 1996). The Georgia Court of Appeals similarly held that under Georgia law:

> **"[W]hen a defendant moves to dismiss for lack of personal jurisdiction, he has the burden of proving that he is not subject to the jurisdiction of the court. Where the motion is decided without an evidentiary hearing and based solely upon the written submissions of the parties ., any disputes of fact must be resolved in the light most favorable to the party asserting the existence of personal jurisdiction**, and we review the decision of the trial court de novo. **Weathers et al. v. Dieniahmar Music**, 788 S.E.2d 856 (Ga. App. 2016) *citing* **Paxton v. Citizens Bank & Trust of West Ga.**, 704 S.E.2d 215 (2010). [reversed erroneous dismissal of case for lack of personal jurisdiction *due to lack of evidence presented by movant, in part*, finding personal jurisdiction over non-Georgia loan guarantors]

Here, *Defendants* had the burden of proof in their personal jurisdiction defense, contrary to the Order. *Their bare-bones Motion lacked an affidavit or other evidence*, requiring its denial, as the Court also held:

> "Plaintiff may rest on jurisdictional allegations in the complaint *unless the defendant controverts those allegations with a factual showing*. In that event, the plaintiff has the burden of going forward with sufficient factual evidence to establish a *prima facie* showing of the jurisdictional allegations." **National Egg v. Bank Leumi**, 504 F. Supp. 309 (N.D. Ga. 1980) [denied motion to dismiss for lack of personal jurisdiction *as non-Georgia defendants were subject to personal jurisdiction in Georgia for fraud and conspiracy based upon a single telephone call, to a Georgia plaintiff by one non-Georgia defendant essentially acting as an agent for the other non-Georgia defendant*]

Again, *Defendants* failed to file any affidavits in support of their bare-bones motion, failing to meet their burden of proof on their defense of personal jurisdiction. **Barriere v. Cap Juluca**, LEXIS 21500 *13-14 (S.D. Fla. 2014) [denied motion to dismiss for lack of personal jurisdiction] holding:

"***In support of its motion to dismiss, defendant failed to file any affidavits, testimony, or documents. Thus, it cannot be said that defendant raised a "meritorious" defense to personal jurisdiction***. ***Melgarejo v. Pycsa***, 537 Fed. Appx. 852, WL 5183755 at *3-4 (11th Cir. 2013) (in support of motion to dismiss under Fed. R. Civ. P. 12(b)(2), *the foreign defendant submitted evidence in support of its position, including an affidavit by its former president*). Because the Court must accept Plaintiffs' allegations absent any challenge that would shift the burden, and because Defendant has not properly made such a challenge, the Court finds that Plaintiffs have sufficiently alleged Defendant has such minimum contacts with the forum to allow for personal jurisdiction under the Florida long arm statute. ***Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino***, 447 F.3d at 1360, (11th Cir. 2006) [reversed grant of motion to dismiss for lack of personal jurisdiction]

Again, personal jurisdiction is *an affirmative defense proven by Defendants*, not Plaintiff.  Defendants failed to meet their burden of proof on this defense, who presented no evidence.  Furthermore, personal jurisdiction can be established based upon contacts through a plaintiff's interactive website as Plaintiff alleged in the AC ***Sarvint v. OMisignal***, 161 F. Supp. 3d. 1250, 1261 (N.D. Ga. 2015)

Defendants never denied receiving and using the funds at issue, which were received by CS, through Plaintiff's website, another evidentiary burden unmet in this case.  "O.C.G.A. § 9-10-91 (1),] *permits the exercise of personal jurisdiction over a nonresident defendant if he, underlined personally or through an agent, "transacts any business within this State." ***Innovative Clinical &c. Svcs. v. First Nat. Bank &c***., 620 S.E. 2d 352 (2005), held: "O.C.G.A. § 9-10-91 (1) grants Georgia courts the

unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State to the maximum extent permitted by procedural due process," and it overruled all prior decisions that interpreted "transacts any business within this State" more narrowly."

Therefore, the Order should be reconsidered, altered, amended and reversed on the dismissal of the several Defendants for alleged lack of personal jurisdiction.

## III.   Defendants conceded IOU's Motion to Disregard. [Doc 19] which is unmentioned and unresolved in the Order. [Doc 30]

Local Rule 7.1 states in part as follows:

> **Response to Motion.** _Any_ party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty-one (21) days after the service of the motion. **_Failure to file a response shall indicate that there is no opposition to the motion_**.

Defendants failed to respond to and conceded IOU's Motion. **_Coalition v. Atlanta_**, 219 F.3d 1301, 1326 (11th Cir. 2000) [failure to brief/argue issue means it is abandoned], **_Hudson v. Norfolk_**, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ["[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned"] (_citing **Resolution Trust v. Dunmar**_, 43 F.3d 587, 599 (11th Cir. 1995)) **_Northern v. Bayside_**, LEXIS 4033, *8-9 (N.D. Ala 2009) [cited above cases, finding party abandoned

arguments by failing to respond to them in motion]  ***Welch v. Delta***, 978 F. Supp.

1133, 1137 (N.D. Ga. 1997) [Plaintiff's failure to respond to Defendant's argument

alone entitles Defendant to judgment on these claims.]. ***Adams v. UNUM***, 508 F.

Supp. 2d 1302, 1318 (N.D. 2007) [plaintiff conceded dismissal of his claims for

fees by failing to respond to opposing motion for summary judgment] The rules

apply to even *pro-se* litigants. ***Coleman v. Chase***, LEXIS 195290 (N.D. Ga. 2012)

[granted motion to dismiss to which *pro-se* plaintiff failed to respond] As shown

here, Defendants failed to respond to and conceded IOU's Motion. [Doc 19] The

Order did not resolve IOU's Motion which remains pending.

## IV.   **Defendants waived Arbitration and did not comply with its Conditions.**

Lastly, Defendants first filed a Motion [Doc 10] raising the affirmative

defense of personal jurisdiction in response to the Complaint, under the Federal

Rules of Civil Procedure. This Motion was *contrary* to the loan documents which

expressly provide for *Georgia* law and forum and arbitration. [See Note Paragraph

21 and Guaranty Paragraph 11] Defendants renewed that Motion and defense [Doc

21] in response to the Amended Complaint.

Arbitration is a *waivable* right per 9 U.S.C. § 3 which states:

"If any suit or proceeding be brought in any of the courts of the
United States upon any issue referable to arbitration under an
agreement in writing for such arbitration, the court in which such suit
is pending, upon being satisfied that the issue involved in such suit or

proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, ***providing the applicant for the stay is not in default in proceeding with such arbitration."***

In ***Freeman v. SmartPay***, Fed. Appx. 926, 933-35 (11th Cir.  2019) [unpub.] the Eleventh Circuit cited 9 U.S.C. § 3 in affirming an order vacating an arbitration stay and allowing litigation to proceed, holding: "*One way that an applicant can "default in proceeding with such arbitration" is by waiving the right to arbitrate" as "default' means 'waiver' under 9 U.S.C. § 3*." [***Id*** at 932]. The Court then cited its two-part test for waiver of arbitration, which may be waived like any other contract, if "*under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second, [they] look to see whether, by doing so, that party has in some way prejudiced the other party*." ***Id*** at 932

The ***Freedman*** defendant waived arbitration by 1) acting inconsistently with its contractual right to arbitrate by refusing to pay the initial arbitration filing fee under the arbitration agreement 2) waiving its right to arbitrate, 3) prejudicing plaintiff by prematurely terminating arbitration, effectively precluding plaintiff from seeking relief by arbitration. 4) Therefore, the trial court correctly held that this defendant waived its right to arbitrate and lifted the arbitration stay of the case which could then be litigated. ***Id*** at 934-35. *See also **Pre-Paid Legal. v Cahill**,* 786

F.3d 1287, 1295 (10th Cir. 2015) [district court properly lifted arbitration stay where one party refused to pay its share of arbitration fee, leading arbitrator to dismiss proceedings, on grounds that arbitration had been had in accordance with terms of agreement and non-paying party was in default]

Clearly, if Defendants sought to arbitrate then they were bound to comply with the arbitration clauses in the Note and Guaranty and arbitrate in Georgia. Instead they disputed those clauses with their boilerplate motions. [Doc 10, 21] And again, as also detailed above and in the Motion to Disregard [Doc 19, p. 9-12] Defendants waived arbitration by failing to fulfill conditions precedent- invoking arbitration prior to litigation and bringing the Note current which they guaranteed, prejudicing to IOU. Under the [Federal Arbitration] Act and Georgia law. "*[A]n arbitration clause of a contract may be repudiated, waived, or abandoned, by either or both parties to a contract. An agreement to arbitrate is waived by any action of a party which is inconsistent with the right of arbitration*." ***National Fidelity v. Lane,*** 398 S2d. 775 (Ga. App. 1990) [party waived arbitration by not obtaining expert medical determination required prior to arbitration] *citing* ***McCormick-Morgan v. Whitehead***, 345 S.E.2d 53, 56 (1986) [court determined electric company negotiated final contract with contractor and waived right to arbitration] ***Klopp v. Benchmark***, LEXIS 188108 * 7-8(S.D. Fla. 2015) [court

could determine if conditions precedent to arbitration were met] ***Freeman v. Smart Pay Leasing***, Case No. 18-10380 [unpubl] (11th Cir. 2019) [party waived arbitration by failing to fulfill a condition precedent of paying a filing fee. ***S&H Contractors v. AJ Taft***, 906 F.2d, 1507, 1514 (11th Cir. 1990) [corporation waived arbitration by not being properly organized as required by contract and participated in litigation before demanding arbitration, holding: "a party waived its right to **arbitrate** if "under the totality of the circumstances, the . . party acted inconsistently with the **arbitration** right and, in so acting, has in some way prejudiced the other party."]  Arbitration should be denied for CS/EVE and any other Defendant for failing to fulfill the conditions precedent of the contract and otherwise waiving arbitration, such first seeking to adjudicate their Motions to Dismiss [Doc 10 and 21] and not bringing the Note current, even 21 days or more after service of this suit.   Therefore, the Defendants waived arbitration.

## CONCLUSION

Plaintiff IOU respectfully requests the Court reconsider, alter and/or amend its Order [Doc 30] vacate its stay and/or dismissal, granting IOU's Motion to Disregard [Doc 19] ordering Defendants to respond to this suit within 14 days of that order per Fed. R. Civ. P. 12 and for all just relief.

## <u>CERTIFICATE OF COMPLIANCE</u>

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

## <u>CERTIFICATE OF SERVICE</u>

I certify a precise copy of this document was filed ECF on the below date and mailed to the Defendants at the addresses on their returns of service. [Doc 4-6]

Respectfully submitted this 10th day of July 2020.

By:   */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff
File No. 3430