IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. ) <br> d/b/a IOU FINANACIAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLAUS SCHMITZ, et. al., ) <br> ) <br> Defendants. ) | CASE NO. <br><br> 1:20-cv-00007-ELR |

**DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER, ALTER, OR AMEND ORDER AND VACATE STAY AND/OR DISMISSAL OF CASE**

COMES NOW, Defendants Claus Schmitz, Nadia Sandra Bruno, Eva Investments, Inc. d/b/a Mosaic Restaurant, Bodega Bars USA, LLC d/b/a Mosaic Restaurant, and Bruno Investments, LLC d/b/a ELA, Elevated Lifestyle Appliances d/b/a Steaklocker, (collectively "Defendants"), and hereby submits Defendants Response in Opposition to Plaintiff's Motion to Reconsider, Alter, or Amend Order and Vacate Stay and/or Dismissal of Case ("Motion for Reconsideration") [Doc 32].

Although Plaintiff styles its motion a motion to reconsider, alter or amend order Plaintiff fails to identify the proper standard for reconsideration, likely because Plaintiff cannot meet it. For this reason and for the reasons set forth below

1

Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration.

### A.  Motion for Reconsideration Standard of Review.

Local Rule 7.2(E) provides, "[m]otions for reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within twenty-eight days after entry of the order or judgment." N.D. Ga. Local R. 7.2(E). Local Rule 7.1(F) provides, "The Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules." N.D. Ga. Local R. 7.1(F). Due to Plaintiff's late filing, Defendants respectfully request that the Court deny the Plaintiff's Motion for Reconsideration as untimely as it was filed 30 days after the entry of the Order [Doc 30] of which Plaintiff seeks reconsideration.[1]

If the Court is inclined to consider the Plaintiff's Motion for Reconsideration despite its violation of L.R. 7.2(E), the standard of review for a Motion for Reconsideration has been clearly established by the District Court for the Northern District of Georgia.  "[S]uch motions are only appropriate when 'absolutely necessary' to present: (1) newly discovered evidence; (2) an intervening

---

[1] The Order [Doc 30] that Plaintiff prays the Court reconsider was filed on June 10, 2020.  Plaintiff's Motion to Reconsider [Doc 32] was filed on July 10, 2020, 30 days after the order was entered.

development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003)..." cited by Jacobs v. Atlanta Police Dep't (N.D. Ga. 2016) at 3. "Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires." "Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012)..." cited by Jacobs v. Atlanta Police Dep't (N.D. Ga. 2016) at 3.

**B.    Argument**

**i.    The Court Should Deny Plaintiff's Motion for Reconsideration Because Plaintiff Has Not Identified Any Proper Ground for Reconsideration.**

Reconsideration is unwarranted because Plaintiffs have completely failed to identify any appropriate grounds supporting the Court's reconsideration. Plaintiff does not identify any newly discovered evidence, does not identify an intervening development or change in controlling law, and does not identify a clear error of law or fact in its Motion for Reconsideration.

Plaintiff's memorandum does not refer to "new evidence" or "newly available evidence" because Plaintiff's cannot identify the discovery of anything new between June 10, 2020, when the Court issued its Order [Doc 30] and July 10, 2020, when the Plaintiff filed its Motion for Reconsideration [Doc 32]. Plaintiff also does not identify any intervening development or change in the law. Plaintiff does not cite any case, decided, after this Court's order [Doc 30], which would

affect the Court's ruling.  Nowhere in the Plaintiff's motion for reconsideration does Plaintiff use the word "error." See [Doc 32].  Plaintiff does not identify any error, nor a *clear* error, made by this Court as a basis for reconsideration. (Emphasis added.) "Importantly, a motion for reconsideration is not a substitute for an appeal. See Jacobs v. Tempur–Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir.2010) (holding that "absent a manifest error of law or fact," the remedy for an unfavorable ruling was to appeal)." Cited by Chesnut v. Ethan Allen Retail, Inc., 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014).  A motion for reconsideration was not a proper remedy for Plaintiff based on the arguments contained therein.

"Parties may not use a motion for reconsideration as an opportunity to show the court how it 'could have done it better.' Pres. Endangered Areas of Cobb's History, Inc., 916 F.Supp. at 1560. Similarly, motions for reconsideration may not be used to present the court with *arguments already heard and dismissed* or to repackage familiar arguments to test whether the court will change its mind. (Emphasis added.) Brogdon ex rel. Cline v. Natl Healthcare Corp., 103 F.Supp.2d 1322, 1338 (N.D.Ga. 2000) (Murphy, H.L., J.); Johnson v. United States, No. Civ. A. 1:96CV1757JOF, 1999 WL 691871 (N.D.Ga. July 14, 1999) (Forrester, J.) cited by Bryan v. Murphy, 246 F.Supp.2d 1256, 1259 (N.D. Ga. 2003)." Plaintiff made almost identical arguments in its Cross Motion to Disregard and/or Deny Motions with Prejudice and/or Motion to Enforce Conditions Precedent [Doc 19] and its

4

Response in Opposition to Motion to Dismiss and Reply Brief in Support of Cross Motion [Doc 23] as it did in its Motion for Reconsideration regarding Defendants motion to dismiss based on the Court's lack of personal jurisdiction over the Defendants; Defendants alleged concession of Plaintiff's Motion to Disregard; and Defendants alleged waiver of arbitration.  See [Doc 32].

"Nor may it [a motion for reconsideration] be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Detemple v. Leica Geosystems, Inc. (N.D. Ga. 2014) at 6.  Should the Court find a new legal theory or new evidence contained within the Plaintiff's Motion for Reconsideration, Plaintiff failed to provide a reason for not including it in prior pleadings when it had every opportunity to do.

Plaintiff's Motion for Reconsideration is replete with arguments about what the Defendants failed to do; not arguments that the court made a clear error or abused its discretion when it entered its Order [Doc 30].  Plaintiff is merely dissatisfied with the Court's Order.  Because Plaintiff has raised no grounds to justify reconsideration Plaintiff's motion should be denied.

## ii. Plaintiff Failed to Comply with Rule 59(e) And Its Motion Should Denied.

In support of the motion for reconsideration and its request that the Court alter or amend its Order [Doc 30], Plaintiff cites Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") as a ground for justifying relief. However, Rule 59(e) states, "A motion to alter or amend a judgment *must* be filed no later than 28 days after the entry of judgment." (Emphasis Added.) The Plaintiff's Motion to Alter or Amend the Judgment, filed in violation of Rule 59(e), should be denied as it was filed 30 days after the Order [Doc 30] Plaintiff prays the Court alter or amend. See Footnote #1.

## iii. Plaintiff Failed to Demonstrate Extraordinary Circumstances Justifying Reconsideration Pursuant to Rule 60(b)(6).

In support of the motion for reconsideration Plaintiff also cites Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)") as grounds for its Motion for Reconsideration. "A Petitioner who seeks relief pursuant to Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." Simmonds v. United States (N.D. Ga. 2015) at 3. A movant under this Rule, "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief…Even then, whether to grant the requested [Rule 60(b)] relief is…a matter for the district court's sound discretion." United States v. Brame, at 3. (N.D. Ga.

2017) at 3, citing "Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014)..."

    Plaintiff made no showing of extraordinary circumstances in its Motion for Reconsideration justifying the Court's reopening of its Order. The Plaintiff's motion does not contain any reference to "extraordinary circumstances" and merely reiterates arguments *already heard and dismissed* by the Court. (emphasis added). Plaintiff fails to address nor meet the high bar of extraordinary circumstances.

    Further, Plaintiff makes no arguments as to how it would be prejudiced proceeding on its Amended Complaint against Defendants Claus Schmitz and Eva Investments, Inc., only, via arbitration or by the Court administratively closing the case while the Parties are engaged in arbitration proceedings. Plaintiff also makes no argument that the Court abused its discretion in administratively closing the case while the Parties are engaged in arbitration proceedings. See [Doc 32]. The Court provided a remedy to Plaintiff had Defendants failed to comply with the Court's Order to initiate arbitration proceedings. The Court instructed the Plaintiff to move to reopen the case should Defendants not file a demand for arbitration within sixty (60) days. [Doc 30, p. 21]

### iv.     Plaintiff's Motion for Reconsideration Pursuant to Rule 60 Does not Alleviate the Parties from Complying with the Order [Doc 30].

Rule 60(c)(2) states, "The Motion does not affect the judgment's finality or suspend its operation." On July 17, 2020, Defendants Claus Schmitz and Eva Investments, Inc. served Plaintiff with a demand for arbitration and provided the demand and pertinent documentation to JAMS. Defendants Claus Schmitz and Eva Investments, Inc. have chosen JAMS to preside over the arbitration proceedings pursuant to the Promissory Note for Commercial Loan and Personal Guaranty at issue. On July 17, 2020, JAMS confirmed receipt of Claus Schmitz and Eva Investments Inc.'s Demand for Arbitration and are in the process of assigning a case manager.

### C.     Conclusion

Plaintiff is not entitled to reconsideration of the Court's order or to an alteration or amendment of the Court's order as Plaintiff failed to comply with the requirements of both Local Rule 7.2(E) and Rule 59(e). The determination of whether to consider a motion that fails to conform to the local rules requirements; whether to reconsider an order or judgment; and whether to grant relief under Rule 60(b)(6) lay within the discretion of the Court. Defendants respectfully request the Court exercise its discretion and Deny the Plaintiff's Motion to Reconsider, Alter, or Amend Order and Vacate Stay and/or Dismissal of Case.

This the 21st day of July, 2020.

                    **THRIFT MCLEMORE**
                    /s/ *Carol Scott*
                    Carol Scott
                    Georgia Bar No. 664412
                    cscott@thriftlegal.com
                    ***Attorney for Defendants***

1000 Parkwood Circle, SE,
Suite 900
Atlanta, GA 30339
678.784.4150 (office main)
cscott@thriftlegal.com

Counsel hereby certifies that the DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER, ALTER, OR AMEND ORDER AND VACATE STAY AND/OR DISMISSAL OF CASE has been prepared pursuant to L.R. 5.1 (B) using Time New Roman font, 14 pt. type.

This the 21st day of July, 2020.

                                        **THRIFT MCLEMORE**
                                        /s/ *Carol Scott*
                                        Carol Scott
                                        Georgia Bar No. 664412
                                        ***Attorney for Defendants***

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER, ALTER, OR AMEND ORDER AND VACATE STAY AND/OR DISMISSAL OF CASE with the Clerk of Court for the United States District Court for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send notice of its filing to the following attorneys of record:

Paul G. Wersant, Esq.
3245 Peachtree Parkway, Suit D-245
Suwanee, Georgia 30024

**THRIFT MCLEMORE**
/s/ *Carol Scott*
Carol Scott
Georgia Bar No. 664412
***Attorney for Defendants***