**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IOU CENTRAL, INC. | * | |
| d/b/a IOU FINANCIAL, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:20-CV-00007-ELR |
| | * | |
| CLAUS SCHMITZ, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

Presently before the Court is Plaintiff's "Motion to Reconsider, Alter, or Amend Order and Vacate Stay and/or Dismissal of Case." [Doc. 32]. For the reasons below, the Court denies Plaintiff's motion.

## I.  Background[1]

Plaintiff IOU Financial, Inc. filed this case against Defendants Claus Schmitz; Eva Investments, Inc.; Nadia Sandra Bruno; Bodega Bars USA, LLC; and Bruno Investments, LLC seeking recovery related to overdue payments on an unpaid loan. Am. Compl. ¶ 70 [Doc. 18]. Defendant Claus Schmitz sought the loan for his business, Defendant Eva Investments. Id. ¶ 13. Plaintiff claims Schmitz made

_____

[1] The Court provides the following facts for background purposes only.

"some" payments on the loan but breached the loan agreement shortly after the distribution of the funds.  Id. ¶ 23.

Though Eva Investments is the only borrower listed on the Promissory Note [Doc. 21-2 at 2–4] and Schmitz is the only guarantor listed on the Personal Guaranty [Doc. 21-2 at 5–6], Plaintiff also brought this lawsuit against Defendants Nadia Bruno, Bodega Bars, and Bruno Investments.  Am. Compl.  In recounting the facts related specifically to the execution of the loan agreement, Plaintiff claims Schmitz sought the loan for and on behalf of Nadia Bruno, Eva Investments, and Bodega Bars.  Id. ¶¶ 13–16.  Plaintiff also claims Schmitz acted as the agent of the other Defendants while executing the loan instruments.  Id. ¶ 24.

Plaintiff brought eight (8) counts against all Defendants: (1) Declaratory, equitable and related relief; (2) Breach of instruments and related relief; (3) Breach of fiduciary duty, conversion, and related relief; (4) Quantum meruit/unjust enrichment and related relief; (5) Money had and received and related relief; (6) Equitable lien/equitable mortgage and related relief; (7) Constructive trust and related relief; and (8) Attorney's fees and related relief.  Id. ¶¶ 38–90.

In response, Defendants filed a "Motion to Dismiss the Amended Complaint and, in the Alternative, Motion to Compel Arbitration and to Dismiss the Amended Complaint."  [Doc. 21].  The Court granted in part and denied in part this motion. [Doc. 30].  Specifically, the Court denied Defendants' request to dismiss Defendants

2

Schmitz and Eva Investments pursuant to Rule 12(b)(2) but granted the motion to compel arbitration for these two (2) Defendants. [Id. at 12, 21]. Additionally, the Court granted Defendants' motion to dismiss as it applies to Defendants Nadia Sandra Bruno, Bodega Bars, and Bruno Investments, and dismissed them from this action. [Id. at 16].

Plaintiff has now filed the instant "Motion to Reconsider, Alter, or Amend Order and Vacate Stay and/or Dismissal of Case." [Doc. 32]. In its motion, Plaintiff makes three (3) arguments in favor of reconsideration: (1) Defendants failed to meet the burden of proof for the affirmative defense of personal jurisdiction; (2) Defendants "conceded" Plaintiff's previous motion to disregard; and (3) Defendants waived arbitration and did not comply with conditions precedent for arbitration. [Id. at 5, 10, 11]. Having been fully briefed, this motion is now ripe for the Court's review.[2]

## II.    Legal Standard

It is well settled that the decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab.

---

[2] Plaintiff filed an untimely "Response to Motion to Dismiss or Arbitration [Doc. 10] Cross Motion to Disregard or Deny Motions with Prejudice and/or Enforce Conditions Precedent" [Doc. 19] in response to Defendants' first motion to dismiss the original complaint. [Doc. 10]. However, the original complaint was superseded by the Amended Complaint. [Doc. 18]; see Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). The Court therefore denies the initial motion to dismiss, as well as Plaintiff's motion to disregard the initial motion to dismiss, as moot.

<u>Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.</u>, 225 F.3d 1208, 1216 (11th Cir. 2000).   Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice.   <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007); <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003); <u>see also</u> <u>Kramer v. Conway</u>, 962 F. Supp. 2d 1333, 1356 (N.D. Ga. 2013).   Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time.   <u>Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs.</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). "In other words, a party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." <u>Pediatric Med. Devices, Inc. v. Indiana Mills & Mfg., Inc.</u>, 961 F. Supp. 2d 1241, 1243 (N.D. Ga. 2013).

## III.   Discussion

As an initial matter, Plaintiff's motion to reconsider is untimely.[3]   <u>See</u> LR 7.2(E), NDGa.  The Local Rules require a motion for reconsideration to be filed no

---

[3] This is the latest in a series of untimely filings Plaintiff has made in this case.

more than twenty-eight (28) days after the entry of the court's order.  Id.  Here, Plaintiff filed the instant motion two (2) days after this deadline.  [See Doc. 32].  The untimeliness of the filing is, on its own, sufficient grounds for the Court to deny the motion.  LR 7.1(F), NDGa.

Additionally, Plaintiff's motion fails to identify adequate grounds for relief. As set out above, motions for reconsideration are not appropriate to present to the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time.  Pres. Endangered Areas, 916 F. Supp. at 1560.  The three (3) arguments that Plaintiff now submits in its motion were already presented in Plaintiff's response to Defendant's motion to dismiss.  [See Doc. 23].  The Court has already considered and rejected each of these arguments.  [See Doc. 30].  Plaintiff does not allege newly discovered evidence or a change in controlling law and is merely "repackag[ing] familiar arguments to test whether the Court will change its mind," which is an inappropriate basis for a motion to reconsider.  Pediatric Med. Devices, 961 F. Supp. 2d at 1243.

Furthermore, Plaintiff's arguments are not only inappropriate for a motion to reconsider, but they also misstate the law and the facts at hand.  Plaintiff argues that Defendants had the burden to prove the Court cannot exercise personal jurisdiction in this case and cites two examples from the Order where it claims the Court applied the incorrect burden of proof.  [Doc. 32 at 5].  However, both examples are taken

out of context.  In the sections that Plaintiff identifies, the Court is describing the burden of proof for establishing an agency relationship, not the burden of proof for personal jurisdiction.  [Doc. 30 at 15–16].  Plaintiff alleges that personal jurisdiction over Defendants Nadia Bruno, Bodega Bars, and Bruno Investments exists on the basis of an agency relationship with Defendants Claus Schmitz and Eva Investments; thus Plaintiff, as the party alleging an agency relationship, has the burden of proving that relationship.  See Carter v. Kim, 277 S.E.2d 776, 776 (Ga. Ct. App. 1981). Because Plaintiff could not meet that burden, Plaintiff failed to establish even a prima facie case of personal jurisdiction over Defendants Nadia Bruno, Bodega Bars, and Bruno Investments.  [Doc. 30 at 12–16]. Therefore, the Court properly dismissed these three (3) Defendants from the case.

Plaintiff's argument that Defendants waived their right to arbitrate is equally mistaken.  [See Doc. 32 at 11].  As the Court stated in its previous Order, Defendants clearly expressed their intent to arbitrate in multiple filings and they did not substantially participate in litigation to a point inconsistent with that intent.  [Doc. 30 at 19–20].  Finally, Plaintiff's argument that Defendants "conceded" Plaintiff's motion to disregard is also without merit, as Defendants provided a response to that motion in "Defendants' Response to Plaintiff's Cross Motion to Disregard or Deny Motions with Prejudice and/or Enforce Conditions Precedent and Reply in Support of Defendants' Motion to Dismiss Plaintiff's Complaint."  [Doc. 22].

6

In sum, Plaintiff's motion to reconsider is untimely; it does not present newly discovered evidence, a change in controlling law, or a need to correct a clear error of law; and it misstates the law it claims the Court applied incorrectly.  For these reasons, the Court denies Plaintiff's motion.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES AS MOOT** Defendants' "Motion to Dismiss and, in the Alternative, Motion to Compel Arbitration and to Dismiss the Complaint" [Doc. 10] and Plaintiff's "Cross Motion to Disregard or Deny Motions with Prejudice and/or Enforce Conditions Precedent."  [Doc. 19]. The Court **DENIES** "Plaintiff's Motion to Reconsider, Alter, or Amend Order and Vacate Stay and/or Dismissal of Case [Doc. 30]."  [Doc. 32].

**SO ORDERED**, this 3rd day of August, 2020.

*Eleanor L. Ross*

Eleanor L. Ross
United States District Judge
Northern District of Georgia